# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NUR QADR,           )
      Plaintiff    )
                  )
    v.            )   C.A. No. 15-18 Erie
                  )
MICHAEL D. OVERMYER, et al.,  )   Magistrate Judge Baxter
      Defendants.  )

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural History

On January 14, 2015, the Clerk of Courts received a *pro se* civil rights complaint from Plaintiff Nur Qadr, an inmate at the State Correctional Institution at Forest in Marienville, Pennsylvania. The Complaint was accompanied by a motion to proceed *in forma pauperis* [ECF No. 1]; however, Plaintiff failed to submit with his motion a certified inmate account statement. As a result, on January 27, 2015, this Court issued an Order requiring Plaintiff to file the required account statement on or before February 16, 2015, or suffer dismissal of this case for failure to prosecute. On or about February 20, 2015, Plaintiff's copy of the Order of January 27, 2015, was returned to the Clerk's Office with a notation that it was addressed to the wrong inmate number. As a result, this Court issued another show cause Order dated March 13, 2015, requiring Plaintiff to file an inmate account statement on or before April 1, 2015, or suffer dismissal of this case for failure to prosecute. [ECF No. 3]. Once again, the Order was returned to the Clerk's office with a notation that it was addressed to the wrong inmate number. On March 27, 2015. the Clerk's Office re-mailed this Court's Order of March 13, 2015, to the Plaintiff with the correct inmate number. Nonetheless, to date, Plaintiff has failed to file the required account statement.

**B.     Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, the Court finds that dismissal of this case is warranted. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with an order of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NUR QADR,<br>    Plaintiff<br><br>    v.<br><br>MICHAEL D. OVERMYER, et al.,<br>    Defendants. | C.A. No. 15-18 Erie<br><br>Magistrate Judge Baxter |

## **ORDER**

AND NOW, this 3rd day of June, 2015,

IT IS HEREBY ORDERED that this case is DISMISSED for Plaintiff's failure to prosecute.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge
